IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CYNTHIA G.[1],

    Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.

Case No. 3:18-cv-00313-SB

OPINION AND ORDER

MOSMAN, J.,

On June 6, 2019, Magistrate Judge Stacie Beckerman issued her Findings and Recommendation ("F&R") [22], recommending that the Commissioner's decision be REVERSED and this case be REMANDED for an award of benefits. The Commissioner objected to that F&R [24], and Plaintiff responded to that objection [25].

## BACKGROUND

Plaintiff appealed from the ALJ's denial of her disability claim that was based on PTSD, anxiety, and depression [1]. Judge Beckerman found that the ALJ improperly discounted Plaintiff's testimony about her symptoms and improperly discounted testimony from Plaintiff's treating psychologist, Dr. Nelson [22]. However, Judge Beckerman found that one of the four reasons the ALJ gave for discounting Plaintiff's testimony was legally valid. The Commissioner

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION AND ORDER

objected [24], arguing that because the ALJ had provided a valid reason to discount Plaintiff's testimony, any other error was harmless. Plaintiff responded [25] that the ALJ did not, in fact, give any valid reason for discounting Plaintiff's credibility.

As discussed further below, I agree with the Commissioner's argument and affirm the ALJ's decision.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Here, any error by the ALJ in discounting the testimony from Plaintiff or from Dr. Nelson amounted to harmless error. *See Batson v. Comm'r. Soc. Security Admin.*, 359 P.3d 1190, 1197 (9th Cir. 2004) (applying harmless error principles to ALJ's credibility findings). In a disability case, an ALJ may discount the credibility of a claimant's testimony about her symptoms if the ALJ provides "clear and convincing reasons" for finding the claimant's testimony not credible. *See, e.g., Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (stating standard). Judge Beckerman found, and I agree, that the ALJ in this case provided a clear and

convincing reason to find that Plaintiff's testimony was not credible—she engaged in daily activities that belied the severity of the symptoms she claimed to have. Where Judge Beckerman and I depart, however, is the effect we give to the other, arguably invalid, reasons the ALJ gave for discounting Plaintiff's testimony.

When an ALJ provides several reasons for discounting Plaintiff's testimony about her claimed symptoms or limitations, and on review most of those reasons are invalidated, the remaining step of the analysis is to determine whether any valid, "clear and convincing" reasons are sufficient, by themselves, to support a negative credibility finding. Here, for example, the record provides one valid reason to discount plaintiff's testimony about her symptoms: its inconsistency with her activities of daily living. The Commissioner argues that this valid reason for discounting Plaintiff's symptom testimony independently provides a "clear and convincing reason" for finding Plaintiff's testimony not credible, regardless of whether the ALJ's other reasons were valid. I agree. Because this credibility finding provides a legally valid basis to discount Plaintiff's testimony, any error by the ALJ in evaluating Plaintiff's testimony was harmless. *Carmickle v. Comm'r. Soc. Security Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

As to Dr. Nelson's testimony, I agree with the Commissioner that the ALJ's credibility finding was not error. An ALJ may reject the opinion of a treating physician if he has "specific and legitimate reasons" for doing so. *See, e.g., Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017) (stating standard). Here, the ALJ found that the "daily activities described by the claimant, particularly the ability to care for an infant child three or more days per week, bely the level of functional limitation suggested by Dr. Nelson." *Obj. to Findings and Recommendation*, at 3 (citing to Tr. 21). That reasoning relies on the same daily activities that provided a legal basis to discount Plaintiff's testimony. Given that this reasoning meets the "clear and

convincing" standard, it also meets the "specific and legitimate" standard. The ALJ therefore did not err.

## CONCLUSION

In sum, the ALJ did not err in his credibility findings as to Dr. Nelson, and any error in his credibility findings as to Plaintiff was harmless. Therefore, I do not agree with Judge Beckerman's recommendation and I DECLINE TO ADOPT the F&R [22] in full. I AFFIRM the Commissioner's decision.

IT IS SO ORDERED.

DATED this 70 day of September, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge